68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stewart KEMP, a/k/a Bill Kemp, Defendant-Appellant.
 No. 94-5519.
 United States Court of Appeals, Fourth Circuit.
 Oct. 16, 1995.
 
 Paul S. Brenner, New York, New York, for Appellant. Helen F. Fahey, United States Attorney, Michael F. Ruggio, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 Before WIDENER, MURNAGHAN, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Stewart Kemp appeals from his conviction for conspiracy to possess with intent to distribute one kilogram or more of Phencyclidine (PCP), 21 U.S.C.A. Secs. 841, 846 (West 1981 & Supp.1995), on the grounds that the evidence presented at his trial was insufficient to support the jury's verdict. We affirm.
 
 
 2
 Kemp was indicted in January 1994 on one count of conspiracy to possess with the intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of Phencyclidine, a Schedule II dangerous controlled substance. At his trial in April 1994, Kemp moved for a judgment of acquittal at the close of the government's evidence. The motion was denied and the jury returned a verdict of guilty. Kemp was subsequently sentenced to 151 months imprisonment, five years of supervised release and a $50 special assessment. Kemp appeals.
 
 
 3
 The denial of a motion for acquittal is reviewed under a sufficiency of the evidence standard. Fed.R.Crim.P. 29; United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S.1992). In determining the sufficiency of the evidence, this court reviews the evidence at trial in the light most favorable to the prosecution, Glasser v. United States, 315 U.S. 60, 82 (1942), including all reasonable inferences that can be drawn from that evidence, United States v. Russell, 971 F.2d 1098, 1109 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3479 (U.S.1993). In a conspiracy case, the government must prove that a conspiracy existed and that the defendant had knowledge of and voluntarily became part of the conspiracy. United States v. Chambers, 985 F.2d 1263, 1270 (4th Cir.) (citing United States v. Bell, 954 F.2d 232, 236 (4th Cir.1992)), cert. denied, 62 U.S.L.W. 3246 (U.S.1993). Knowledge of and participation in the conspiracy may be proved by circumstantial evidence. United States v. Meredith, 824 F.2d 1418, 1428 (4th Cir.), cert. denied, 484 U.S. 969 (1987). Once a conspiracy is shown to exist, the government need show only a slight connection to the defendant to sustain the conviction. United States v. Brooks, 957 F.2d at 1147.
 
 
 4
 With these standards in mind, we find the evidence presented at Kemp's trial to be sufficient to support the jury's verdict. The government presented six witnesses whose testimony established the following facts. From March 1992 through October 1993, Amanda King worked as a "drug runner"--picking up PCP at an apartment in the Bronx, New York, and delivering it to Virginia for distribution. King testified that, on her first trip to New York in March 1992, she purchased PCP from Ashley James ("Ash") in the presence of Kemp. King returned to New York a total of approximately twenty-three times to purchase PCP for distribution in Virginia.
 
 
 5
 Ash testified that the apartment was rented by Kemp as a place to sell PCP. According to Ash, Kemp obtained the PCP from a supplier in New York and then fronted the money for the purchases. Kemp paid Ash $20 for each ounce of PCP sold. Ash also testified that he and Kemp broke the PCP down from large bottles to small bottles for distribution purposes. Ash's testimony was corroborated by Carol Marquez, his girlfriend who, for some time, lived at the Bronx apartment with Ash. Marquez testified that she witnessed actual sales of PCP by Ash and Kemp to King.
 
 
 6
 Kemp maintains that the testimony of these individuals was inherently lacking in credibility. However, the credibility of witnesses is within the sole province of the jury and is not susceptible to appellate review. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989).
 
 
 7
 Because we find the evidence sufficient to support Kemp's conviction, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.